UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
AUG 29 2007
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| POET PLANT MANAGEMENT, LLC, f/k/a BROIN MANAGEMENT, LLC; POET RESEARCH, INC., f/k/a BROIN AND ASSOCIATES, INC.; and POET DESIGN AND CONSTRUCTION, INC., f/k/a BROIN RESEARCH, INC., | * * * * * * * * | CIV 07-4116 <br><br> TEMPORARY RESTRAINING ORDER |
| Plaintiffs, | * * | |
| -vs- | * * | |
| ANTHONY A. SIMPSON, | * * | |
| Defendant. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs (collectively referred to herein as "POET") filed a Motion for Temporary Restraining Order and Request for Expedited Hearing, Doc. 17. The Court held a hearing on the motion on August 28, 2007, with all parties being represented by counsel. During the hearing, the Court granted POET's motion and entered a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b).

In deciding whether to issue a temporary restraining order, the Court considers: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the temporary restraining order will inflict on other parties; (3) the probability of movants' success on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

The first *Dataphase* factor is the threat of irreparable harm to the movant. The Court finds that Defendant Anthony Simpson's current employment with Ethanex Energy, Inc. ("Ethanex")

creates a threat of irreparable harm to POET because of the substantial likelihood that Simpson will either unintentionally or intentionally use and disclose POET's confidential information and trade secrets to a competitor, Ethanex, if he is allowed to continue his employment.

The second *Dataphase* factor is the balance of the harm to the movant and any injury that the temporary relief would inflict on other parties. Although there may be some financial harm and inconvenience to Simpson as a result of not being able to work for Ethanex during the period of the temporary restraining order, the Court finds that such harm is temporary in nature and can be alleviated by the deposit of security by POET, if Simpson ultimately prevails in this action. Conversely, POET will be irreparably harmed if its confidential information and trade secrets are disclosed to and used by a competitor. The balance of the harm weighs in favor of granting a temporary restraining order.

The third *Dataphase* factor is the movant's probability of success on the merits. The Court preliminarily finds that POET is likely to succeed on the merits of its claims for breach of Simpson's covenant not to compete, breach of the nondisclosure agreement signed by Simpson, and misappropriation of trade secrets.

With respect to the fourth *Dataphase* factor, the public interest, the Court finds that this is a neutral consideration. It is not in the public interest to restrain individuals from working and earning a living, but the Court also finds it is in the public interest to require individuals to comply with their contractual obligations.

Having considered the information in the record, the arguments raised by the parties, and the *Dataphase* factors, the Court granted POET's Motion for Temporary Restraining Order and issued a Temporary Restraining Order precluding Simpson from working for Ethanex and from using or disclosing in any manner any of POET's confidential information or trade secrets to Ethanex or any other person or entity.

This Temporary Restraining Order shall be in place from August 28, 2007, until September 16, 2007. A hearing on POET's request for a preliminary and permanent injunction against Simpson will begin on September 25, 2007. POET was ordered to deposit with the Clerk of Court the sum of Twenty Thousand Dollars ($20,000.00) as security for the Temporary Restraining Order.

During the August 28 hearing the Defendant admitted his Motion to Dismiss, Doc. 6, is moot. Accordingly, it will be denied. In addition, for the reasons set forth during the August 28 hearing Defendant's Motion to Dismiss or Transfer, Doc. 26, is denied. In light of the issuance of a Temporary Restraining Order, the Court also granted Plaintiffs' Motion to Expedite Discovery, Doc. 19, and granted Defendant's oral motion to expedite discovery as well. Accordingly,

IT IS ORDERED:

1. That Defendant's Motion to Dismiss, Doc. 6, is denied as moot.

2. That Plaintiffs' Motion to Expedite Discovery and Request for Expedited Hearing, Doc. 19, is granted.

3. That Defendant's oral motion to expedite discovery, made during the August 28, 2007, hearing is granted.

4. That Defendant's Motion to Dismiss or Transfer, Doc. 26, is denied for the reasons stated on the record during the hearing on August 28, 2007.

5. That Plaintiffs' Motion for Temporary Restraining Order and Request for Expedited Hearing, Doc. 17, is granted.

6. That Simpson is enjoined from working for Ethanex Energy, Inc., and from using or disclosing in any manner any of POET's confidential information or trade secrets to Ethanex Energy, Inc. or any other person or entity. This Temporary Restraining Order is in effect from August 28, 2007 to September 16, 2007.

7. That a trial to the Court will commence on Tuesday, September 25, 2007, at 9:00 a.m. on Plaintiffs' Motion for Preliminary Injunction and Plaintiffs' request for a permanent injunction set forth in the Amended Complaint, seeking an injunction prohibiting Defendant from working for Ethanex

Energy, Inc. and from disclosing and/or using Plaintiffs' confidential information and trade secrets.

8. That Plaintiffs shall deposit the sum of Twenty Thousand Dollars ($20,000) with the Clerk of Court as security for the Temporary Restraining Order and the Court has been advised by the Clerk of this Court that Plaintiffs have deposited $20,000 with the Clerk of Court.

Dated this 29th day of August, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Shelly Margulies
        DEPUTY

4